UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-23885-CIV-ARTAU

GIRALDO VALDES,

Plaintiff,

v.

WASTE CONNECTIONS OF FLORIDA, INC.,

Defendant.
_______________________________________/

# REPORT AND RECOMMENDATION

This matter is before the Court on the parties' Joint Motion for Approval of Settlement, ECF No. 27.[1] After careful consideration of the parties' filings, the arguments and representations made at the fairness hearing held in this case, and the applicable law, and the undersigned being otherwise fully advised in the premises, the undersigned finds that the settlement in this matter is a fair and reasonable resolution of a bona fide dispute in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and, accordingly, **RESPECTFULLY RECOMMENDS** that the parties' joint motion, ECF No. 27, be **GRANTED**.

In furtherance of Judge Artau's referral, the undersigned held a fairness hearing pursuant to *Lynn's Food Stores* on September 1, 2026. *See* ECF Nos. 31, 34. At that hearing, the parties explained that the settlement in this case was the result of the resolution of a bona fide dispute concerning many issues. The parties have further explained that there were numerous genuinely disputed issues in this case, both legal and factual, concerning the application and coverage of the FLSA and the computation of damages. Indeed, there were genuinely disputed issues concerning Plaintiff's claimed entitlement to overtime wages and his calculation of estimated unpaid overtime

[1] The Hon. Ed Artau, United States District Judge, referred the parties' joint motion to the undersigned for a report and recommendation. ECF No. 30.

based on an hourly half-time rate of $12.50, *see* ECF No. 1-2 at 8 ¶ 14; Defendant's position that Plaintiff was paid on a piece-rate basis not an hourly-rate basis and was not owed any overtime compensation; Plaintiff's entitlement to liquidated damages under the circumstances; and whether Defendant retaliated against Plaintiff for engaging in protected activity. *See also* ECF No. 27 at 3 ("The Parties agree that the instant action involves disputed issues" which include "whether [Plaintiff] is actually owed any unpaid wages and whether he engaged in protected activity under the FLSA.").

Here, although Plaintiff originally estimated that he was owed more than $70,000 in unpaid overtime compensation, *see* ECF No. 1-2 at 9 ¶ 15, the parties explained that records produced in discovery demonstrated that Plaintiff was in fact paid on a piece-rate basis rather than an hourly-rate basis, and that those records required a considerable revision to Plaintiff's estimate of the unpaid overtime compensation that was owed. *See* 29 C.F.R. § 778.109 ("The [FLSA] does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, or other basis, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom . . . ."). Furthermore, Plaintiff's counsel represented that, based on discovery in this case, Plaintiff had no factual basis for continuing to maintain his retaliation claim.

While Defendant has continued to maintain that Plaintiff has been paid all wages to which he is entitled, that Plaintiff is not owed any unpaid compensation whatsoever, and that Plaintiff's employment was terminated for legitimate, non-retaliatory business reasons, *see, e.g.*, ECF No. 27 at 3-4; ECF No. 27-1 at 1 ¶ B, the parties have reached what they both represent is a fair and equitable settlement considering the evidence, the strengths and weaknesses of the parties' respective positions, and the costs of continued litigation. As part of this settlement, Plaintiff will be paid $2,679.78 for his FLSA claims for unpaid wages, liquidated damages, and retaliation. ECF No. 27-1 at 2 ¶ 3. Additional non-monetary terms and conditions of the settlement agreement include a release of Plaintiff's claims for unpaid wages under the FLSA or Florida law, ECF No.

27-1 at 3 ¶7; and, although their settlement agreement and Joint Motion for Approval of Settlement have been filed on the public docket, a confidentiality provision in which all parties agree to limit the further disclosure and dissemination of the circumstances surrounding this lawsuit and the terms of their settlement, ECF No. 27-1 at 4 ¶ 6.[2]

Based upon a review of the record in this matter and the fairness hearing held in this case, the undersigned is satisfied with the parties' representations concerning their resolution of the disputes presented in this case and finds that the settlement in this case is a fair and reasonable resolution of a bona fide dispute. Indeed, the parties' settlement of this action was achieved through the representation of all parties by experienced counsel, and their settlement is the result of a bona fide compromise among them on a variety of disputes of law and fact. The settlement negotiated and reached by the parties reflects a fair and reasonable compromise of the disputed issues that, given the particular circumstances present in this case, does not afoul of the purposes of the FLSA.

The Court also finds that the amount of the settlement that is designated as fees and costs payable to Plaintiff's counsel is reasonable. Here, Plaintiff's counsel explained at the hearing that he and his co-counsel together expended more than 10 hours but less than 20 hours performing work in this case, for which they will be paid $2,800 under the settlement agreement, which work included communicating with Plaintiff about the case, drafting pleadings, conducting and reviewing discovery, communicating with Defendant's counsel, and participating in settlement negotiations. Plaintiff's counsel also incurred costs in the amount of $520.22 in the course of representing Plaintiff. Under these circumstances, the undersigned finds that the portion of the settlement designated for attorney's fees and costs ($3,320.22), *see* ECF No. 27-1 at 2 ¶ 3(c), is fair and reasonable.[3]

---

[2] The parties also entered a separate agreement in which Plaintiff paid Defendant $1,000 for the release of any other claims arising out of Plaintiff's employment. *See* ECF No. 27 at 3.

[3] The undersigned also finds, given counsel's representations at the fairness hearing concerning

Given these circumstances, the undersigned finds that the settlement in this matter is a fair and reasonable resolution of a bona fide dispute in accordance with *Lynn's Food Stores* and **RESPECTFULLY RECOMMENDS** that the parties' Joint Motion for Approval of Settlement, ECF No. 27, be **GRANTED** and that the Court **APPROVE** the parties' settlement and **DISMISS THIS CASE WITH PREJUDICE**.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to **EXPEDITE** the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Ed Artau, United States District Judge. Accordingly, as agreed to by the parties at the fairness hearing in this matter, the parties shall have three business day, that is, **until September 8, 2026**, to file and serve any written objections to this Report and Recommendation. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 2nd day of September, 2026.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Ed Artau
Counsel of Record

the time expended on this case, that the effective hourly rate (between $140 and $280 per hour) for the services provided by Plaintiff's attorneys is reasonable given the circumstances of this case.